**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) Notice filed in |
|     Plaintiff, | ) Civil Action No. |
| | ) 5:12-cv-00159-MMH-PRL |
| v. | ) |
| | ) Motion filed in |
| JOHN DOES 1-22, | ) Civil Action No. |
| | ) 3:12-cv-00575-MHM-TEM |
|     Defendants. | ) |
| _____ | ) |

### DOE 16'S NOTICE OF FILING MOTION TO TRANSFER WITH INCORPORATED MOTION TO TRANSFER AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT WITH INCORPORATED MEMORANDUM OF LAW

COMES NOW Defendant Doe 16,[1] by and through the undersigned counsel, pursuant to Local Rule 1.04, and hereby gives notice of filing the incorporated herein motion to transfer case no. 3:12-cv-00575-MHM-TEM and all other related pending cases filed by Plaintiff, MALIBU MEDIA, LLC, in this judicial district to the judge assigned to *Malibu Media, LLC. V. Does 1-13*, 2:12-cv-00177-JES-SPC, which is the first-filed among the related cases; and respectfully asks this Honorable Court to declare Plaintiff a vexatious litigant, and in support hereof states:

---

[1] Doe 16 and the undersigned attorney are making a special, limited appearance only; this motion is not to be construed as a general appearance under Local Rule 2.03(a) or by Doe 16, who has not been subject to service of process in this action, or the undersigned attorney.

I.   **Legal Standard**

Local Rule 1.04(d) provides that "**[a]ll** counsel of record in any case have a continuing duty promptly to inform the Court and counsel of the existence of any other [related] case . . . ." (emphasis added).

Local Rule 1.04(b) provides:

> If cases assigned to different judges are related because of either a common question of fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to transfer any related case to the judge assigned to the first-filed among the related cases. The moving party shall file a notice of filing the motion to transfer, including a copy of the motion to transfer, in each related case. The proposed transferor judge shall dispose of the motion to transfer but shall grant the motion only with the consent of the transferee judge. If the transferee judge determines that the same magistrate judge should preside in some or all respects in some or all of the related cases, the Clerk shall assign the magistrate judge assigned to the first-filed among the affected cases to preside in that respect in those cases.

II.  **Analysis**

Plaintiff, MALIBU MEDIA LLC, has filed at least **twenty-four** related cases in the Middle District of Florida within the

last four months[2] (listed *infra*), with the first case being filed in the Fort Myers Division on March 28, 2012: *Malibu Media, LLC v. Does 1-13*, 2:12-cv-00177-JES-SPC. Each case is filed against groups of John Doe Defendants, with each John Doe identified only by an I.P. address. Each case is filed by the same attorney, Keith Lipscomb of Lipscomb Eisenberg & Baker, PL. Many of the complaints are practically identical.

Of the cases in this District, four are in the Fort Myers Division, five in the Jacksonville Division, one in the Ocala Division, and fourteen in the Tampa Division. The result is an extreme judicial inefficiency, as the cases are spread about throughout four divisions and on several different judges' dockets.

Although these twenty-four pending cases are clearly related, Plaintiff has not, upon information and belief, filed a single Notice of Related Cases in any of them.

The pending related cases filed by the Plaintiff are:

**Cases in the Fort Myers Division**

1. *Malibu Media, LLC v. John Does 1-13*, 2:12-cv-00177-JES-SPC (filed 03/28/12)

2. *Malibu Media, LLC v. John Does 1-35*, 2:12-cv-00178-UA-DNF (filed 03/28/12)

---

[2] This same Plaintiff has filed more than 200 similar cases nationwide, this year alone.

3. *Malibu Media, LLC v. John Does 1-25,* 2:12-cv-00266-JES-DNF (filed 05/15/12)

4. *Malibu Media, LLC v. John Doe 1-67*, 2:12-cv-00267-UA-SPC (filed 05/15/12)

### Cases in the Jacksonville Division

5. *Malibu Media, LLC v. John Does 1-19,* 3:12-cv-00335-UATC-MCR (filed 03/28/12)

6. *Malibu Media, LLC v. John Does 1- 18*, 3:12-cv-00336-UAMH-JBT (filed 03/28/12)

7. *Malibu Media, LLC v. John Does 1-6*, 3:12-cv-00338-HLA-MCR (filed 03/28/12)

8. *Malibu Media, LLC v. John Does 1-20*, 3:12-cv-00340-MMH-JRK (filed 03/28/12)

9. *Malibu Media, LLC v. John Does 1-22*, 3:12-cv-00575-MMH-TEM (filed 05/15/12)

### Case in the Ocala Division

10. *Malibu Media, LLC v. Does,* 5:12-cv-00159-MMH-PRL (filed 03/28/12)

### Cases in the Tampa Division

11. *Malibu Media, LLC v. John Does 1-9 et al*, 8:12-cv-00669-SDM-AEP (filed 03/28/12)

12. *Malibu Media, LLC v. John Does,* 8:12-cv-01074-SDM-AEP (filed 05/15/12)

13. *Malibu Media, LLC v. John Does,* 8:12-cv-01075-SDM-AEP (filed 05/15/12)

14. *Malibu Media, LLC v. John Does,* 8:12-cv-01076-SDM-AEP (filed 05/15/12)

15. *Malibu Media, LLC v. John Does*, 8:12-cv-01077-SDM-AEP (filed 05/15/12)

16. *Malibu Media, LLC v. John Does 1-13*, 8:12-cv-01417-JDW-TBM (filed 06/27/12)

17. *Malibu Media, LLC v. John Does 1-13*, 8:12-cv-01418-SCB-EAJ (filed 06/27/12)

18. *Malibu Media, LLC v. John Does 1-18*, 8:12-cv-01419-EAK-TGW (filed 06/27/12)

19. *Malibu Media, LLC v. John Does 1-15*, 8:12-cv-01420-JDW-TGW (filed 06/27/12)

20. *Malibu Media, LLC v. JOHN DOES 1-45*, 8:12-cv-01421-MSS-AEP (filed 06/27/12)

21. *Malibu Media, LLC v. Does 1-26*, 8:12-cv-01665-VMC-TGW (filed 07/26/12)

22. *Malibu Media, LLC v. Does 1-19*, 8:12-cv-01666-JSM-EAJ (filed 07/26/12)

23. *Malibu Media, LLC v. John Does*, 8:12-cv-01667-JDW-MAP (filed 07/26/12)

24. *Malibu Media, LLC v. John Does 1-27,* 8:12-cv-01746-VMC-TGW (filed 08/06/12)

Therefore, it is in the best interest of judicial economy that all cases be heard by one judge.

### IV.  **Plaintiff should be declared a "vexatious litigant."**

Next, Plaintiff should be declared a vexatious litigant because, since 2011, it has filed at least thirty-seven actions in the state of Florida and is not reasonably likely to prevail herein.

"This court repeatedly has held that federal courts have

the power to manage their dockets and curb vexatious litigation." *United States v. Maass*, 05-11632, 2005 WL 2298296 (11th Cir. 2005); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993); *Copeland v. Green*, 949 F.2d 390 (11th Cir. 1991). It is "well settled that a court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice." *Urban v. United Nations,* 768 F.2d 1497, 1500 (D.C. Cir. 1985) (citing *In re Martin-Trigona,* 737 F.2d 1254, 1262 (2d Cir. 1984)). "Such a remedy may be granted upon a showing of 'a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel.'" *Sassower v. Barr,* 1992 WL 133163, at *2 (D.D.C. Jan. 9, 1992), *aff'd,* 986 F.2d 546 (D.C. Cir. 1993) (quoting *Crisafi v. Holland,* 655 F.2d 1305, 1306-09 (D.C. Cir. 1981)).

Section 68.093, Florida Statutes, defines a "vexatious litigant" as a person who, "in the immediately preceding 5-year period, has commenced, prosecuted, or maintained, pro se, five or more civil actions in any court in this state . . . ." Since 2011, Plaintiff has filed **at least thirty-seven civil actions in Florida**: twenty-four in this district, four in the Southern District, three in the Northern District, and six in

the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (See list of actions at **Exhibit "1"**). Almost all eventually result in dismissal. Nationwide, Plaintiff has filed *more than 200* civil actions in recent years, with new actions seeming to crop up every day.

Furthermore, Plaintiff has developed a history of abusive or questionable litigation tactics. For example, on July 31, 2012, in a similar case the Eastern District of New York issued an order for the sole purpose of addressing an "apparent violation of this Court's express direction"; the Order chastised: "Notwithstanding this Court's unambiguous order that the identities of two John Doe defendants should be produced only to the Court, it appears that plaintiffs' counsel issued subpoenas directing the relevant Internet Service Provider ("ISP") to produce names and addresses of the John Doe defendants *directly to plaintiffs' counsel*." *In re. Bittorrent Adult Film Copyright Infringement Cases*, 12-1147 [Doc. 9] (E.D. N.Y. July 31, 2012).

Another example is *Malibu Media, LLC v. John Does 1-7*, 2:12-cv-14171-KMW, filed in the Southern District of Florida on May 11, 2012 (Docket at **Exhibit "2"**). In that case, Judge K. Michael Moore [Doc. 4] promptly issued an order to show cause as to why the Court should not find misjoinder and sever all

but Defendant Doe 1 from the action (citing *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 669, 2011 WL 5190048, at *2-3 (S.D. Fla. Nov. 1, 2011)). In response, on May 17, 2012, Malibu Media voluntary dismissed of all Does except Doe #1.

In yet another case filed by Malibu Media, another District Court explained: "The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch **what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial.**" *Malibu Media LLC v. Does*, No. 2:12-cv-3623 (C.D. Cal. June 27, 2012) (emphasis added).

Finally, because of Plaintiff's improper joinder of Defendants, and other reasons, Plaintiff is unlikely to prevail. Joinder is appropriate **only** where:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

However, Plaintiff's claims against the unidentified Doe Defendants do not arise "out of the same transaction,

occurrence, or series of transactions or occurrences" as required by Rule 20(a)(2) for permissive joinder of parties. Rather, "what we have here is . . . [55] separate and discrete transactions in which . . . [55] individuals used the same method to access a file via the Internet — no concerted action whatever, and no series of related occurrences — at least, **not** related in any way except the method that was allegedly used to violate the law." *Digital Sins, Inc. v. Does 1-245*, 2012 WL 1744838 (S.D.N.Y. May 15, 2012).

Plaintiff utilizes a theory known as "swarm joinder," alleging that each of the unidentified Doe Defendants "simultaneously" uploaded and downloaded a protected work. *E.g.*, *Raw Films, Inc. v. Does 1-32*, 1:11-CV-2939-TWT, 2011 WL 6840590 (N.D. Ga. 2011). The Southern District of Florida recently explained why this theory fails:

> The Doe Defendants' decision to obtain the BitTorrent protocol and download the same video **does not in and of itself constitute the same transaction, occurrence, or series of transactions or occurrences**. This is because the BitTorrent protocol facilitates the transactions between users, and much of the BitTorrent protocol operates invisibly

to the user – after downloading a file, subsequent uploading takes place automatically if the user fails to close the program. As such, the users themselves are not choosing to engage in file sharing with other particular users; rather, the BitTorrent protocol is determining which users to connect to in order to obtain the additional pieces of a file. Thus, users are doing nothing more than initiating the file sharing process by obtaining the BitTorrent protocol and selecting a file for downloading. In fact, users can walk away from their computers and as long as the computer is still on, the filing sharing process continues for an indefinite period of time among an undefined number of users. Therefore, aside from downloading the same Video using BitTorrent protocol, **there is nothing that connects all of the Doe Defendants to each other**. This lack of connectivity is evidenced by the range of dates over which the Does in this case

*Malibu Media, LLC. v. Does 1-22*, 3:12-cv-00575-MMH-TEM                    Doe 16's Motion to Quash et al. Page **10** of **14**

>downloaded the Video - a period of six weeks, from December 13, 2011 until January 26, 2012.

*Bubble Gum Prod., LLC v. Does 1-80*, 12-20367-CLV-SE1tZ, 2012 WL 2953309 *3 (S.D. Fla. July 19, 2012) (internal citations and quotations marked omitted; emphasis added).[3]

Furthermore, because the anonymous infringers could have been any persons with laptops passing within range of routers controlled by the Defendant Internet accountholders, who are identified only by IP addresses, the actual infringers could be practically anybody. An IP address is not a person or entity. It is not a fingerprint or DNA evidence – indeed, far from it. It can only identify the person or entity who is merely paying the bill for the Internet connection allegedly used by the infringer.

---

[3] *See also Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 672, 675 (S.D. Fla. 2011) (finding mass "John Doe" joinder inappropriate); *Raw Films, Inc.*, 1:11-CV-2939-TWT, 2011 WL 6840590 ("Downloading a work as part of a swarm does not constitute 'acting in concert' with one another, particularly when the transactions happen over a long period."); *Pacific Century Int'l Ltd. v. Does 1-101*, No. C-11-02533, 2011 U.S. Dist. LEXIS 124518 (N.D. Cal.) ("That BitTorrent users have downloaded the same copyrighted work does not . . . evidence that they have acted together to obtain it."); *Digital Sins, Inc. v. Does 1-245*, 2012 WL 1744838 (S.D.N.Y. May 15, 2012) ("The bare fact that Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they [sic] were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world"); *Patrick Collins, Inc. v. John Does 1-23*, 11-cv-15231, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012) ("simply alleging the use of BitTorrent technology . . . does not comport with the requirements under Rule 20(a) for permissive joinder").

In a similar case where another pornographer sought expedited discovery to learn the identity Internet accountholders, one District Court denied expedited discovery, reasoning that "IP subscribers are not necessarily copyright infringers" and that infringers could be practically anyone: "someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." *VPR Internationale v. Does 1-1017*, No. 11-2068, 2011 U.S. Dist. LEXIS 64656, at *3. In another very similar case, also filed by a pornographer such as the instant Plaintiff, another district court observed that **as many as "30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material."** *Digital Sin, Inc. v. Does 1-176,* 2012 WL 263491 *3 (S.D.N.Y. Jan. 30, 2012) (emphasis added). Thus, identifying computer users by IP addresses is unlikely

Therefore, as Plaintiff has shown a history of litigation entailing vexation, harassment, or needless expense to other parties, as well as an unnecessary burden on the courts, this Court should declare it a vexatious litigant to protect the integrity of the Courts and the orderly and expeditious administration of justice.

## CONCLUSION

For the forgoing reasons, the Court should find that the cases recently filed by Malibu Media in this judicial district are related and, pursuant to Local Rule 1.04(b), transfer all said cases to the Honorable John E. Steele, who is the judge assigned to the first-filed among the related cases. Furthermore, as Plaintiff has shown a history of litigation entailing vexation, harassment, or needless expense to other parties, and an unnecessary burden on the courts in this and other states, this Court should declare Plaintiff a vexatious litigant to protect the integrity of the Courts and the orderly and expeditious administration of justice.

WHEREFORE, Defendant "Doe 16" respectfully requests that this Honorable Court enter an Order GRANTING this Motion and:

1. TRANSFERING this and all other related cases to Judge JOHN E. STEELE, who is the judge assigned to the first-filed among the related cases; and

2. DECLARING Plaintiff a vexatious litigant, requiring Plaintiff to seek Court approval prior to filing any future actions in the Courts in Florida.

## RULE 26(c)(1) and 3.01(g) CERTIFICATE OF GOOD-FAITH CONFERENCE

I, the undersigned, hereby certify that I conferred with counsel for Plaintiff in a good-faith effort to resolve the issues raised herein above, but we were not able to agree on a resolution.

<u>/s/ Cynthia Conlin, Esq.</u>
CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012

**CERTIFICATE OF SERVICE AND OF FILING NOTICE IN RELATED CASES**

I hereby certify that on **August 13, 2012**, I filed electronically the foregoing with the Clerk of the Court via CM/ECF system which will notify electronically all parties. Furthermore, I further certify that, Pursuant to Local Rule 1.04(b), I on behalf of Doe 16 have filed or will file this herein notice of filing the motion to transfer, including a copy of the motion to transfer, in each related case named herein.

*Attorney for Doe 16:*

**Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, Florida 32803
Tel 407-965-5519
Fax 407-545-4397
www.cynthiaconlin.com

<u>/s/ Cynthia Conlin, Esq.</u>
CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
cynthia@cynthiaconlin.com